UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STEVEN QUEENER and
LESLEE QUEENER,

     Plaintiffs,

                                 Case No. 13-13952

v.

                                 Hon. John Corbett O'Meara

BANK OF AMERICA, N.A.,

     Defendant.
_____/


**ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's motion to dismiss, which has been fully

briefed.  Pursuant to LR 7.1(f)(2), the court did not hear oral argument.

**BACKGROUND FACTS**

This case involves the foreclosure of Plaintiffs' home in Hazel Park,

Michigan.  In 2002, Plaintiffs obtained a loan in the amount of $84,193.00, which

was secured by a mortgage on the property.  The mortgage was assigned to

Defendant Bank of America on July 31, 2012.

Plaintiffs contend that they contacted Defendant because they were facing

financial hardship and would have trouble making their monthly mortgage

payments.   According to Plaintiffs, Defendant informed them that in order to be eligible for a loan modification, they would need to stop making their monthly payments.  Plaintiffs did so and applied for a loan modification, which they contend the bank led them to believe they would receive.  Ultimately, Defendant denied their application for a loan modification.  Because Plaintiffs were in default, Defendant foreclosed on the mortgage.  Plaintiffs' home was sold at a sheriff's sale on January 29, 2013.  The redemption period expired on July 29, 2013; Plaintiffs did not redeem the property.

Plaintiffs allege the following causes of action: Count I, fraudulent misrepresentation; Count II, estoppel; Count III, negligence; Count IV, violation of the Michigan Regulation of Collection Practices Act; and Count V, violation of the Fair Debt Collection Practices Act.  Plaintiffs seek an order setting aside the sheriff's sale, rescinding or reforming the mortgage loan, and awarding damages.

## LAW AND ANALYSIS

Defendant seeks dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  See also Ashcroft v. Iqbal, 129 S.Ct. 1937,

1949-50 (2009).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Id. at 1949.  See also Hensley Manuf. v.

Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

     In this case the redemption period has expired.  As this and other courts

have repeatedly held, once the redemption period has expired, a plaintiff is

generally barred from challenging the foreclosure sale.  See e.g., Overton v.

Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once

the redemption period expired, all of plaintiff's rights in and title to the property

were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D.

Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period

expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Luster

v. MERS, Inc., 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.)

(noting that Michigan law "bar[s] former owners from making any claims with

respect to foreclosed property after the end of the redemption period").

     In order to overcome this hurdle and toll the redemption period, Plaintiffs

must allege fraud or irregularity in connection with the foreclosure sale.  "The law

in Michigan does not allow an equitable extension of the period to redeem from a

statutory foreclosure sale in connection with a mortgage foreclosed by

advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342 at *1 (citation omitted). See also Sweet Air Investment, Inc. v. Kenney, 275 Mich. App. 492, 497 (2007) ("[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."). "The purported defect must be in the sale process itself." Pettey v. Citimortgage, Inc., 2012 WL 3600342 at *6 (E.D. Mich. Aug. 21, 2012) (citation omitted) (Lawson, J.). See also Conlin v. MERS, Inc., 714 F.3d 355, 359-60 (6th Cir. 2013).

In this case, Plaintiffs do not allege fraud or an irregularity in connection with the foreclosure sale itself. Rather, Plaintiffs' claims of fraud, promissory estoppel, and negligence are based upon the allegation that Bank of America led them to believe that they would receive a loan modification and told them to stop making their monthly payments. Any promise from a financial institution to modify a loan must be in writing and signed by an authorized person to be enforceable. See M.C.L. 566.132(2)(b) ("A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation" must be in writing to be enforced under Michigan law). See also Carl v. BAC Home Loans Serv. LP, 2011 WL 3203086 at *2-3 (E.D. Mich. July 27, 2011) (alleged oral promise to modify loan

cannot support fraud or quiet title claims).

An alleged oral promise of a loan modification cannot support Plaintiffs' claims of fraud, promissory estoppel, or negligence under the statute of frauds. See Crown Tech. Park v. D & N Bank, 242 Mich. App. 538, 553-54 (2000) (statute bars claim to enforce alleged oral promise of loan modification regardless of its label, including promissory estoppel and negligence). Therefore, these claims must be dismissed.

With respect to the MRCPA and FDCPA, Plaintiffs allege that Defendant mailed them a debt validation letter while they were attempting to obtain a loan modification. Plaintiffs do not identify any legal flaw in the letter, but contend that "this letter was intentionally mailed so that they would not dispute the validity of the debt." Pls.' Br. at 12. According to Plaintiffs, "[b]orrowers should not be forced to dispute the validity of a debt which is claimed while they are in loan modification negotiations" and the timing of the letter is "deceptive." Id. at 12-13. Plaintiffs have not cited any authority for this proposition. As Defendant points out, and Plaintiffs do not dispute, the letter was mailed in compliance with 15 U.S.C. § 1692g(a) (requiring a validation notice "[w]ithin five days after the initial communication with a consumer"). Plaintiffs have not articulated any alleged violation of the MRCPA or FDCPA. Accordingly, the court will dismiss these

claims.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion to dismiss is

GRANTED and Plaintiffs' complaint is DISMISSED.


s/John Corbett O'Meara
United States District Judge

Date:  November 14, 2013




I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 14, 2013, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager